**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association, ) | No. CV-12-577-PHX-GMS |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Theo Charles Watkins, Jr. et al., ) | |
| Defendants. ) | |

    The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court remands this case to Maricopa County Superior Court.

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006).

    The Notice of Removal states that the present action arises under federal law. (Doc. 1 at 4). A review of the complaint, however, reveals that it is a straightforward forcible detainer, otherwise known as an eviction action. To be sure, Defendants may be able to assert a valid federal defense based on a the federal Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), or based on other federal

1  statutes or Constitutional provisions. Nonetheless, the assertion of a federal defense to a
2  state-law claim does not convert the state-law claim into one "arising under" federal law for
3  purposes of federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392
4  (1987) (["F]ederal jurisdiction exists only when a federal question is presented on the face
5  of *the plaintiff's* properly pleaded complaint.") (emphasis added). *See also Moore-Thomas*
6  *v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009) (discussing the "well-pleaded
7  complaint rule"). Nor can the counterclaims which have been filed by Defendants suffice to
8  establish federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation*
9  *Systems, Inc.,* 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the
10 defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for
11 'arising under' jurisdiction.").

12       Defendants contend that this Court nonetheless has federal question jurisdiction under
13 the artful pleading doctrine. "The artful pleading doctrine allows removal where federal law
14 completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of Louisiana* 522
15 U.S. 470, 475–476 (1998). For Defendants to invoke this doctrine, however, Congress must
16 have "intended the scope of a federal law to be so broad as to entirely replace any state-law
17 claim." *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir.
18 2009) (citing *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare*
19 *Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008)). None of the federal statutes or Constitutional
20 provisions cited by Defendants completely preempt Plaintiff's detainer claim. Defendants
21 contend that Plaintiff's claim is preempted by the Real Estate Settlement Procedures Act
22 ("RESPA"),  12 U.S.C. § 2605 et al. RESPA, however, expressly states that it does not
23 completely preempt state laws. 12 U.S.C. § 2616 ("This chapter does not does not annul,
24 alter, or affect, or exempt any person subject to the provisions of this chapter from complying
25 with, the laws of any State with respect to settlement practices, except to the extent that those
26 laws are inconsistent with any provision of this chapter, and then only to the extent of the
27 inconsistency."). *See also Homesales, Inc. v. Frierson*, 2009 WL 365663, at *2 n.8 (C.D.
28 Cal. Feb. 11, 2009) ("An unlawful detainer action is a true state law claim, and neither

1  RESPA nor TILA completely preempts state law claims."). Nor does the PTFA completely
2  preempt Plaintiff's unlawful detainer action. See *Federal Nat'l Mortgage Association v.*
3  *Hammond*, 2011 WL 2516498, at *2 (C.D. Cal. June 22, 2011) ("The PTFA is not a
4  recognized area of complete preemption.").

5      In sum, Plaintiff's claim is a purely state-law claim, and Defendants cannot create
6  federal question jurisdiction by filing federal defenses or counterclaims. In the absence of
7  subject-matter jurisdiction, this Court is empowered to *sua sponte* order summary remand.
8  *See* 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their
9  exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c)
10 (requiring district courts to remand cases if it appears, at any time before final judgment is
11 entered, that the court lacks subject-matter jurisdiction).

12     **IT IS THEREFORE ORDERED** that the Clerk of the Court **REMAND** this action
13 back to Maricopa County Superior Court.

14     DATED this 22nd day of March, 2012.

G. Murray Snow
United States District Judge